IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JERELL WILSON, Defendant. | No. CR22-4061-LTS<br><br>MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) (Doc. 84) in which Chief United States Magistrate Judge Kelly K.E. Mahoney recommends that I deny defendant Jerell Wilson's motion (Doc. 64) to dismiss the indictment for violation of his rights under the Speedy Trial Act (STA). Wilson and the Government have each filed objections to the R&R. *See* Docs. 87, 91.

## II. BACKGROUND

On August 10, 2022, the grand jury returned an indictment charging Wilson with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).

Wilson filed his motion (Doc. 64) to dismiss on April 5, 2023. The Government filed its resistance (Doc. 68) on April 12, 2023, and Wilson filed his reply (Doc. 74) on April 24, 2023. Judge Mahoney held a hearing on April 26, 2023. Doc. 82. The Government admitted Government Exhibit 1 (Doc. 79), a declaration from Kevin Wykert, Assistant Chief of Scheduling for the Justice Prisoner and Alien Transportation System (JPATS), and defendant offered the testimony of Wykert. *Id.*

Judge Mahoney issued her R&R (Doc. 84) on May 2, 2023. Wilson filed his objections (Doc. 87) on May 5, 2023, and the Government filed its objections (Doc. 91) on May 9, 2023. Trial is scheduled to begin May 22, 2023.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

> further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### IV. DISCUSSION

Judge Mahoney provided a thorough factual background, which need not be repeated here. Doc. 84 at 1-5. Wilson has no objection to the fact portion of the R&R. The Government disputes the finding that Wilson's motion to proceed pro se was fully submitted as of November 18, 2022, which Judge Mahoney found triggered the 30-day period to consider the motion under 18 U.S.C. § 3161(h)(1)(H). *See* Doc. 84 at 14-15.

Both parties have objections concerning the time between November 18, 2022 and December 19, 2022. Wilson disputes that this time is excluded based on the original ends-of-justice continuance from September 20, 2022. He argues that the competency transportation order should override any exclusion under 18 U.S.C. § 3161(h)(7). The Government argues that this time period is covered by 18 U.S.C. § 3161(h)(1)(D) because Wilson's motion to proceed pro se (filed on November 17, 2022) was pending until March 28, 2023 (the date Judge Mahoney ruled on the motion).

Wilson also objects to the finding that the time between February 14, 2023, and February 21, 2023, is excluded. He argues that he notified the court on February 7, 2023, that the Marshals were prepared to transport him and the psychiatric report was completed on February 13, 2023. Therefore, the process of evaluation was complete on February 13, 2023, and could not be excluded under § 3161(h)(1)(A) and February 14 through 21 should have counted against the STA time because he was awaiting transportation during that time. Wilson additionally argues that any time after my order on these objections is countable against the STA.

I have conducted a de novo review of Judge Mahoney's R&R and agree with her analysis. With regard to the time between November 18, 2022, through December 19, 2022, I agree with Judge Mahoney that this time is excluded under the STA based on the

3

continuance granted on September 20, 2022, for ends-of-justice reasons. The transportation order had no effect until December 19, 2022, as that time had already been excluded for ends-of-justice reasons pursuant to a continuance. *See United States v. Brennan*, 354 F. Supp. 3d 250, 263 (W.D.N.Y. 2019) ("Multiple circuit courts have held that the ten-day limitation on transportation delays does not impact 'the ends-of-justice continuances that courts may grant under § 3161(h)(7).'" (citing cases); *see also* Doc. 84 at 9, n. 16 (citing cases). I agree with Judge Mahoney's reasons for finding this time excluded.

With regard to the Government's argument that the time between November 18, 2022, through March 28, 2023, should have been excluded based on Wilson's pending motion to proceed pro se, Judge Mahoney explained that she would have resolved the motion on November 18 but for having concerns about Wilson's competency. Doc. 84 at 14, n. 33. She therefore held the motion in abeyance and cited *United States v. Aldaco*, 477 F.3d 1008, 1018 (8th Cir. 2007), for the proposition that the STA excluded only thirty days from when such a motion was ripe, rather than the entire time period that the court delayed ruling on the motion. While I appreciate the Government's argument that the motion was not truly ripe because Judge Mahoney was waiting on the competency evaluation to decide the motion, I agree with Judge Mahoney's conservative approach by excluding no more than thirty days based on the circumstances. This provides an alternative basis for excluding the time from November 18, 2022 through December 19, 2022. Wilson's and the Government's objections as to this time period are overruled.

With regard to February 14 through February 21, 2023, I agree with Judge Mahoney's reliance on *McGhee* that the date of the order directing transportation was when "the Bureau of Prisons was notified that [the defendant] was ready to return to" the district. *See United States v. McGhee*, 532 F.3d 733, 738 (8th Cir. 2008). Here, that date was February 21, 2023 – the date JPATS received the Return Study Order Movement Request. *See* Doc. 84 at 19 (citing cases). As Judge Mahoney noted, there is no evidence that the Marshals, or JPATS, had received a transportation order prior to

4

that date. *Id*. at 19-20. I agree with her analysis and find that this time is appropriately excluded under the STA. Wilson's objection as to this time period is overruled.

## V. CONCLUSION

For the reasons set forth herein:

1. Wilson's objections (Doc. 87) to the R&R are **overruled**.

2. The Government's objections (Doc. 91) to the R&R are **overruled**.

3. I **accept** Judge Mahoney's Report and Recommendation (Doc. 84) in its entirety and without modification. *See* 28 U.S.C. § 636(b)(1).

4. Pursuant to Judge Mahoney's recommendation, the defendant's motion (Doc. 64) to dismiss is hereby **denied**.

**IT IS SO ORDERED.**

**DATED** this 17th day of May, 2023.

_____
Leonard T. Strand, Chief Judge